# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE  JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

March 24, 2020

## ORDER SCHEDULING SETTLEMENT CONFERENCE

David B. Ginsburg, Esquire
Wingfield & Ginsburg, PC
700 Fifth Street, NW, Suite 300
Washington, DC  20001

Patrick F. Toohey, Esquire
Franklin & Prokopik, PC
2 N. Charles St., Suite 600
Ba

     RE:  Carol Nemeth v. Emmanuel Sutton
          Civil No. ADC-21-334

Dear Counsel:

Please be advised that a settlement conference in the above-entitled case is scheduled for **Tuesday, July 27, 2021 at 10:00 a.m.**  Although I sincerely hope that we will be able to proceed with an in person settlement conference on July 27th, it is unclear at this time whether that will be possible.  We will have to make that decision closer to July 27th.  If we are unable to meet in person, I would like to proceed remotely with the conference that day.  Given the uncertainty as to when we will be able to proceed in person, and our collective commitment to facilitating the orderly progress of  this case, I hope that you share my view.  If you have any issues or questions regarding proceeding remotely, please send me an ex parte email to my chambers email.

I would appreciate it if counsel would make arrangements in advance for the conference to proceed remotely if that becomes necessary.  Although I do not have a preferred method, I would note that some type of video conferencing (i.e, Zoom or other platform) is preferable to a telephone conference.  If after conferring with each other, it appears that none of you are able to make such arrangements, please email my chambers promptly so that we can make the necessary arrangements.

If any of you have a conflict with this date, you should submit a letter to my chambers, **within one week of this letter,** requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.  Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

Carol Nemeth v. Emmanuel Sutton
Civil No. ADC-21-334
March 24, 2021
Page 2


**PLEASE NOTE**:  It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, be present in person.  A person with complete authority is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1]  Attendance by the attorney for a party is not sufficient.  Please also be advised that the conference may take the entire day, and all those in attendance should plan accordingly.

No later than **Tuesday, July 13, 2021**, I would like to receive by email (mdd_bpgchambers@mdd.uscourts.gov), a short ex parte letter, **NOT TO EXCEED FIVE PAGES**, from each party candidly setting forth the following:

(1)    facts you believe you can prove at trial;

(2)    the major weaknesses in each side's case, both factual and legal;

(3)    reference to any pending dispositive or other motions that would have a **significant** effect on settlement for the Court to review prior to settlement **(please include a copy of the motion(s) and the paper number(s) and highlight and tab the relevant portions);**

(4)    an evaluation of the maximum and minimum damage awards you believe likely;

(5)    if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgage or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the ex parte letter for the Court's review.

(6)    the history of any settlement negotiations to date; and

---

[1]This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

Carol Nemeth v. Emmanuel Sutton
Civil No. ADC-21-334
March 24, 2021
Page 3

(7)     estimate of attorneys' fees and costs of litigation through trial.

If you wish me to review any deposition excerpts or exhibits, attach a hard copy to your letter.  **For *all* attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder, with a table of contents, and highlight and tab the portions that you want me to review.**  I also will review the pleadings in the court file.  Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.  A paper copy of all attachments exceeding 15 pages should be mailed or hand delivered to chambers.

**In addition to submitting ex parte letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.**  First, Plaintiff(s) shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference. Plaintiff(s)' demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff(s)' demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position.  ***THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE EX PARTE LETTERS SUBMITTED TO THE COURT.*  Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Carol Nemeth v. Emmanuel Sutton
Civil No. ADC-21-334
March 24, 2021
Page 4

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge

cc:     Judge Copperthite